IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMEN L. TOY, #N94265, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-01579-SMY |
| | ) |
| LATOYA HUGHES, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, Chief Judge:**

This matter is before the Court on Plaintiff Damen L. Toy's Motion for Emergency Temporary Restraining Order/Preliminary Injunction (Doc. 10),[1] Motion for Emergency Medical Attention and Treatment (Doc. 27), and Motion for Emergency Hearing on these motions (Doc. 56). Plaintiff is an inmate of the Illinois Department of Corrections ("IDOC"), currently incarcerated at Menard Correctional Center. Defendants Wills, Jones, King, Powell, Hughes, and Wooley oppose the motions (Doc. 37) and Plaintiff replied (Doc. 54). For the following reasons, Plaintiff's motions are **DENIED**.

This action arose from a May 7, 2024 incident in Menard's Medium Security Unit ("MSU") receiving area, where Plaintiff alleges Defendants Jones and the John Doe Officers #1-4 physically assaulted him, fracturing his hands and fingers and injuring his head, neck, shoulders, arms, hips, knees, legs, and feet (Docs. 1, 19). Plaintiff also alleges that other defendants failed to provide him with medical attention and mental health care for over a year. Plaintiff is proceeding on claims for excessive force, failure to protect, and deliberate indifference to serious medical needs (Doc.

---

[1] The Court denied the TRO portion of this motion at Doc. 19, pp. 10-12).

1

19, pp. 5, 8-9, 12). He seeks monetary damages (Doc. 1, pp. 37-39).

## Discussion

To obtain a preliminary injunction, a plaintiff must demonstrate that (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (citing *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020)). If these elements are established, the Court must then balance the potential harm to the movant if the preliminary injunction were denied against the potential harm to the non-movant if the injunction were granted. *Mays*, 974 F.3d at 810; *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018). The Court must also consider whether granting the preliminary injunction is in the public interest. *Courthouse News Serv.*, 908 F.3d at 1068. The Prison Litigation Reform Act ("PLRA") applies to lawsuits filed by incarcerated people and limits the equitable relief a district court can order. 42 U.S.C. § 1997e; 18 U.S.C. § 3626.

Injunctive relief is appropriate only if it addresses a matter presented in the underlying suit and seeks relief of the same character sought in the underlying action. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); *Daniels v. Dumsdorff*, No. 19-cv-394-NJR, 2019 WL 3322344, at *1 (S.D. Ill. July 24, 2019).

**Motion for Emergency Temporary Restraining Order/Preliminary Injunction (Doc. 10)**

Plaintiff alleges he requested placement in protective custody ("PC") on June 26, 2025 because if he were attacked by another prisoner while in general population, he would be unable to defend himself due to his injured hands. A doctor at Washington University Orthopedic Surgery

2

prescribed medical braces for Plaintiff's damaged hands and fingers on July 3, 2025. Plaintiff's PC request was approved a week later, and he was placed in a single cell. The day after Plaintiff filed this case on August 13, 2025, Menard staff placed another inmate in his cell. Plaintiff claims this move endangered him and was done in retaliation for filing the instant lawsuit.[2] He seeks an order preventing him from sharing a cell at Menard or any other IDOC facility, to protect him from an assault that may be orchestrated by the defendants in this case.

The responding defendants assert that Plaintiff continues to be held in PC. He was approved for double-celling on July 9, 2025 after their review, but did not have a cellmate as of November 4, 2025 (Doc. 37, pp. 6-8).

While the allegations in Plaintiff's Complaint (Doc. 1) indicate he has some likelihood of succeeding on the merits of his claims for damages, the specific relief sought here (to be held in a single cell) is outside the scope of these claims. Specifically, the single-cell request is unrelated to Plaintiff's claim that prison guards used excessive force on him in May 2024 or that prison officials ignored verbal threats from guards in the unit where the alleged assault took place. Therefore, his motion (Doc. 10) is **DENIED**.

**Motion for Emergency Medical Attention and Treatment (Doc. 27)**

In this motion filed on October 22, 2025, Plaintiff requests an order for Menard medical staff "to provide Plaintiff adequate and immediate medical treatment" for his two fractured hands and fingers that were injured on May 7, 2024 (Doc. 27, pp. 1-2). However, he does not specify what treatment he needs that has not yet been provided.

---

[2] The Court notes defendants were not served with notice of this lawsuit until October 8, 2025, nearly two months after Plaintiff was given a cellmate (Doc. 21).

The responding defendants submitted documentation of Plaintiff's medical treatment from August 14, 2025 through October 29, 2025 (Docs. 37-7, 37-8). On that date, the provider ordered x-rays for Plaintiff's hands and wrists and a follow-up appointment (Doc. 37-7, p. 3).

Plaintiff's reply (Doc. 54) does not refute defendants' description of the medical care he received during the time frame up to October 29, 2025 or the planned appointment to follow up on his x-ray results. Thus, it appears Plaintiff is receiving ongoing medical attention for the injuries that gave rise to this lawsuit. The motion (Doc. 27) is therefore **DENIED**.

**Motion for Emergency Hearing on Pending Motions for Injunctive Relief (Doc. 56)**

This motion includes new allegations of threats by correctional staff who are not parties to this action. And, as explained above, Plaintiff's motions do not support his requests for injunctive relief. Therefore, no hearing is necessary, and the motion (Doc. 56) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  January 7, 2026**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**Chief U.S. District Judge**