## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAMEN L. TOY, #N94265,              )
                                   )
           **Plaintiff,**              )
                                   )
      **vs.**                         )        **Case No. 25-cv-01579-SMY**
                                   )
LATOYA HUGHES, et al.,             )
                                   )
         **Defendants.**             )

## MEMORANDUM AND ORDER

**YANDLE, Chief Judge:**

Plaintiff was ordered to file a motion by February 9, 2026 to substitute the actual names of the Doe Defendants or if they remained unidentified, to specify additional steps that can be taken to identify them (Docs. 31, 57). Plaintiff recently substituted the John Doe Officers #1, #2, and #3 (Docs. 92-95) and dismissed John Doe/Mr. B (Doc. 91). However, John Doe Officer #4 remains unidentified. This matter is now before the Court on several motions filed by Plaintiff relating to his efforts to identify the John Doe Correctional Officers #1-4 (Docs. 71, 74, 82, 86, 88). He also filed a discovery motion (Doc. 83) and a reply to the warden's supplemental notice (Doc. 90).

Defendant Wills,[1] in his official capacity, was ordered to show Plaintiff the receiving video of the Menard Medium Security Unit ("MSU") from the date of the incident (Doc. 57). Wills responded that no such video footage existed, attaching the affidavit of Officer Dallas (Docs. 69, 70). Plaintiff then filed a motion to hold the warden in contempt for failing to provide the video (Doc. 71).

---

[1] Current Acting Menard Warden Matthew Plummer was substituted as the official capacity defendant for former Warden Wills (Doc. 73).

Warden Plummer responded to the contempt motion, stating reasonable efforts were made to comply and no video existed.  He also provided Plaintiff with the names of the MSU wing officers who worked on May 7, 2024 (Doc. 75).  Plaintiff refutes Dallas' affidavit in which he states Plaintiff did not request the video at the proper time.  Plaintiff asserts he made a contemporaneous request to preserve the video footage in connection with a disciplinary hearing over the May 7, 2024 incident, and defendants acted in bad faith by failing to do so (Doc. 76).  An order finding defendants in contempt is not warranted as any failure to preserve the video in question occurred well before this lawsuit was filed.

Plaintiff filed two motions specifying additional steps to identify the Doe Defendants (Docs. 74, 86).  The first requests a subpoena directing Defendant Sgt. Tyler Jones to provide a duty roster and the identities of the John Does  because other staff (presumably the John Does) were present with Jones when he sprayed Plaintiff with pepper spray on May 7, 2024 (Doc. 74).  In the second motion, Plaintiff asserts that Lt. J. Rees (#10303), who was the MSU Lieutenant on May 7, 2024, also knows the identities of the John Doe Officers  (Doc. 86).  Plaintiff seeks a subpoena for Rees to provide the names of the Doe Officers he supervised on that date.

Warden Plummer filed a Supplemental Notice of Compliance stating that he provided Plaintiff the names of the MSU wing officers who worked on May 7, 2024 and redacted rosters from that date identifying the MSU wing officers on duty on May 7, 2024 (Doc. 89).  Plummer objects to issuance of subpoenas for Rees or Jones, "who likely are not aware" of the identities of the Doe Officers.  *Id.*

Plaintiff replied to the Supplemental Notice, acknowledging receipt of the roster from May 7, 2024, but stating it was insufficient to identify the John Does[2] (Doc. 90, p. 3).  Plaintiff states

---

[2] After filing this reply, Plaintiff succeeded in identifying three of the four John Doe Officers by name (Docs. 92-94).

he was not assaulted by the MSU wing officers as the assault took place "at the MSU D-tunnel in receiving[,] not at or in any of the MSU wings." (Doc. 90, p. 2). He again requests an order for Defendant Jones to identify John Does #1-4, who were present when Jones used pepper spray on Plaintiff "to stop him from assaulting any more staff," as Jones wrote in his disciplinary report (Doc. 90, pp. 3, 5).

Plaintiff's Motion for Subpoena Duces Tecum (Doc. 83) seeks to obtain medical records from Washington University in St. Louis regarding his right-hand fracture. This request is premature as it relates to the merits of his claims, which will not be addressed until after the defendants are identified and served, and after the matter of exhaustion of administrative remedies is resolved.

For the foregoing reasons, the motions for status (Docs. 82, 88) are **GRANTED** as reflected herein. The motion for contempt (Doc. 71) is **DENIED**. The motion for subpoena duces tecum (Doc. 83) is **DENIED**. The motions for additional steps to identify the John Does (Docs. 74, 86) are **GRANTED IN PART:** Defendant Warden Plummer is **ORDERED** to provide Plaintiff, on or before **June 11, 2026**, with the names of the correctional officers who were present in the MSU D-tunnel receiving/holding area on May 7, 2024 at approximately 11:15 a.m. when Sgt. Tyler Jones escorted Plaintiff to that location and sprayed Plaintiff with O.C. pepper spray, as described in Jones' Disciplinary Report issued on that date (Doc. 90, p. 5), to the extent these names have not previously been provided to Plaintiff. Plummer shall contemporaneously file a Notice with the Court confirming his compliance with this Order. Plaintiff is **ORDERED** to file a motion to substitute a specific defendant for the John Doe Officer #4 on or before **June 25, 2026**. If Plaintiff is still unable to identify the John Doe #4 Defendant, he shall file a motion by the same

3

date specifying additional steps that can be taken to identify the John Doe #4.

**IT IS SO ORDERED.**

**DATED:  May 21, 2026**

_____
**STACI M. YANDLE**
**Chief U.S. District Judge**

4