**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DAMEN L. TOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:25-cv-01579-GCS |
| | ) | |
| LATOYA HUGHES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Damen L. Toy, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims certain Menard officers injured him with excessive force, other defendants failed to protect him, and others were deliberately indifferent to his need for protection and medical attention. (Doc. 1). He seeks monetary damages.

This action arose from a May 7, 2024, incident in Menard's Medium Security Unit ("MSU") receiving area, where Plaintiff alleges Defendants Jones and the John Doe Officers #1-4 physically assaulted him, fracturing his hands and fingers and injuring his head, neck, shoulders, arms, hips, knees, legs, and feet. (Doc. 1, 19). Plaintiff also alleges that other defendants failed to provide him with medical attention and mental health care for over a year. On October 7, 2025, the Court completed its preliminary review of

Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. (Doc. 19). Plaintiff was permitted to proceed on the following counts: excessive force - Count 1, failure to protect – Count 2, and deliberate indifference to serious medical needs – Count 3. *Id.*

Before the Court is Plaintiff's motion for temporary restraining order ("TRO") and preliminary injunction dated June 9, 2026. (Doc. 107, 113, 118).[1] Specifically, Plaintiff again alleges that Defendants have been deliberately indifferent to his medical needs, *i.e.,* treatment for his hand, medication, a wrist splint and potential injections. Plaintiff also seeks a prison transfer as he is concerned for his safety in that Defendants' family members who are also employees at Menard threatened him, and he has been denied access to certain legal documents. Defendants oppose the motion. (Doc. 114, 117). For the reasons delineated below, the Court denies the motion.[2]

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that the plaintiff is entitled to relief.  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden

---

[1]    On October 7, 2025, the Court denied Plaintiff's TRO motion, (Doc. 19, p. 10-12), and on January 7, 2026, the Court denied Plaintiff's preliminary injunction, motion for emergency medical attention and treatment and motion for emergency hearing on the motions. (Doc. 59).

[2]    No hearing on the motion is necessary because it is apparent from the face of Plaintiff's motion that he is not entitled to the relief requested in this matter.

of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *See Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). A preliminary injunction is not appropriate to guard against the "mere possibility of irreparable injury." *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008)). If the plaintiff establishes those three factors, the court must balance the harm to each party and the public interest from granting or denying the injunction. *See Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013).

In the context of prisoner litigation, the scope of the court's authority to issue an injunction (including a TRO) is circumscribed by the Prison Litigation Reform Act ("PLRA"). *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). The PLRA provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . , and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage." (internal quotation marks and citation omitted). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

Here, Plaintiff fails to carry the burden of persuasion that the drastic remedy of a TRO/preliminary injunction is appropriate in this instance. Plaintiff's request is not narrowly drawn as required by the PLRA.

First, the Plaintiff contends that non-party correctional staff engaged in retaliation, including falsely reporting that pills were found in Plaintiff's cell, and that he fears further retaliation from these non-party correctional staff. These new claims in Plaintiff's motion are separate and distinct from the claims in *this* case. The Court "only possesses the power to afford preliminary injunctive relief that is related to the claims at issue in the litigation." (Doc. 12, p. 4) (quoting *Bird v. Barr*, No. 19-cv-1581 (KBJ), 2020 WL 4219784, at *2 (D.D.C. July 23, 2020)). The main purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). It is not meant to be used as a vehicle to air new allegations and claims.

Second, the Court lacks authority to order Plaintiff's transfer to another institution as it is well outside the bounds of the limited injunctive relief under the PLRA. Prison officials retain "'broad administrative and discretionary authority'" over those matters. *Westefer*, 682 F.3d at 683.

Third, the undersigned finds that Plaintiff has not met his burden of demonstrating that he is entitled to a preliminary injunction as to his medical claims as he cannot show that he has been denied access medical treatment. In fact, Defendants submitted documentation of Plaintiff's medical treatment from August 14, 2025, through February 24, 2026. Additionally, Defendant Bibach's response dated June 18, 2026,

indicates that Defendant Bibach, as Regional Medical Director of Centurion, "contacted Menard Correctional Center and directed that Mr. Toy be scheduled for an appointment with a medical provider to discuss his condition and any potential medical needs he may have. This appointment will occur in the upcoming days." (Doc. 117-1, 117-2; 114). This evidence demonstrates that Plaintiff is receiving treatment for his hands; it just might not be the treatment Plaintiff seeks.

Lastly, to the extent that the allegations contained in the motion relate to new incidents not currently being pursued in any action in this Court, Plaintiff should file a new action stating those claims and file a motion for injunctive relief in that new action.

For the above-stated reasons, Plaintiff's motion for temporary restraining order/preliminary injunction (Doc. 107) is **DENIED**.

**IT IS SO ORDERED**.

**DATED:  July 1, 2026.**

Digitally signed by
Judge Sison
Date: 2026.07.01
14:56:16 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**